OPINION OF THE COURT
Joseph S. Forma, J.
The question presented on this appeal is whether section 60.35 of the Penal Law, which mandates the levy of a penalty assessment in certain cases, is applicable where the defendant has been adjudicated a youthful offender. The defendant-appellant herein was initially charged with two counts of assault in the third degree in violation of section 120.00 of the Penal Law. On September 29, 1982, he pleaded guilty to one count of attempted assault in the third degree (Penal Law, §§ 110.00, 120.00) before Judge Joseph D. Figliola in the City Court of Buffalo and was adjudicated a youthful offender. He was sentenced to a conditional discharge and a penalty assessment in the amount of $40 was imposed pursuant to section 60.35 of the Penal Law.
The defendant contends that the court below acted improperly when it imposed the penalty assessment, since prior to his sentence, that court vacated the conviction and adjudicated him a youthful offender. The gravamen of the defendant’s argument is that the wording of section 60.35 of the Penal Law calls for imposition of the penalty assessment where there has been a conviction for a felony, misdemeanor or violation and that since an adjudication as a youthful offender vacates the conviction, there is no statutory authority for imposing the penalty assessment.
*1071 The People argue that the imposition of the penalty assessment is triggered by the conviction and is not altered by the adjudication of a defendant as a youthful offender, since the purpose of the youthful offender adjudication is to impose a modified sentence upon a qualified youth and to remove the onus of conviction.
CPL 720.20, which describes the procedure by which the youthful offender adjudication is accomplished, contains language which may be read in support of the defendant and the People. Subdivision 1 states that the inquiry as to whether an eligible youth is a youthful offender occurs “[u]pan conviction”; paragraph (a) of subdivision 1 directs that the court is to use its discretion to adjudicate an eligible youth a youthful offender when the interest of justice would be served by relieving such youth from the onus of a criminal conviction and by not imposing an indeterminate sentence; subdivision 3, however, directs the court to vacate the conviction upon determining that a youth is a youthful offender.
In the opinion of this court, the applicability of section 60.35 of the Penal Law to a youthful offender turns on the intention of the Legislature in its enactment of the statute. If the statute was intended as a punishment, then a youthful offender adjudication might serve to mitigate that punishment since the onus of conviction might be said to include punishment resulting therefrom. If, however, the penalty assessment was passed to defray court costs, there is no reason to exempt a youthful offender from payment since it does not cost the State any less to prosecute a defendant who is later adjudicated a youthful offender than a defendant who is not so adjudicated!
An examination of section 60.35 of the Penal Law does not reveal the intention of the Legislature in its enactment. However, the Assembly Budget Committee report recommending approval of the bill which was enacted as section 60.35 of the Penal Law stated that its passage was necessary to provide revenue for the State and that “imposing economic sanctions on persons convicted of offenses against society begins to shift the burden of paying for defending society from criminal behavior from the victims to the offenders”. Since the legislative purpose in enacting *1072 section 60.35 of the Penal Law shifts the cost of prosecution from those who are victimized by crime to those who perpetrate it, to exempt youthful offenders from payment of the penalty assessment would thwart that purpose.
Accordingly, the decision of the court below is affirmed.